UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 97-4175

RENARD KOGER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-96-373-A)

Submitted: September 25, 1997

Decided: October 16, 1997

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Lance D. Gardner, LEINER, GALLAHUE & GARDNER, P.C., Fair-
fax, Virginia, for Appellant. Helen F. Fahey, United States Attorney,
Thomas M. Hollenhorst, Assistant United States Attorney, Alexan-
dria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Renard Koger was convicted of conspiracy to possess with intent to distribute and distribute cocaine, 21 U.S.C. § 846 (1994) (Count One), attempted distribution of cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1997) (Count Two), and distribution of cocaine, 21 U.S.C.A. § 841 (Count Four). Koger appeals his 121-month sentence, contending that the district court clearly erred in attributing five kilograms of cocaine to him for sentencing purposes. See U.S. Sentencing Guidelines Manual, § 2D1.1 (1996). We affirm.

In 1995 and 1996, while Koger worked as a driver for United Parcel Service (UPS), his co-defendant, Torrance Young, was engaged in smuggling cocaine into the country from Antigua. Young testified at Koger's trial that he used couriers at first, but that in February or March 1995, with Koger's assistance, he began shipping cocaine from Antigua to Washington, D.C., via UPS. On at least five occasions, Young's source in Antigua sent packages containing cocaine to addresses Koger had supplied. Koger intercepted the packages and delivered them to Young. For this service, Young said he offered to pay Koger in cocaine or cash. Young testified that each shipment consisted of no less than a kilogram of cocaine, sometimes in more than one package, and that Koger knew what the packages contained.

Customs agents seized two packages of cocaine from UPS on March 30, 1995, and attempted to make controlled deliveries. However, the packages were addressed to fictional persons and the residents at the addresses refused the packages. A year later, Young was arrested and agreed to cooperate with authorities. He contacted Koger, who was eager to resume their business relationship. In a number of recorded telephone calls, Koger provided three new addresses to Young. Federal agents sent a package containing a kilogram of sham cocaine to the first address. Koger intercepted it and delivered it to Young on July 10, 1996, receiving $500 in return. On July 24, Koger intercepted a second package containing a kilogram of sham cocaine and one gram of cocaine, delivered it to Young, and was arrested. At his trial, Koger testified that in 1995 he was unaware that the packages he delivered contained cocaine. He admitted that he believed he was delivering cocaine in 1996.

2

The probation officer credited Koger with eight kilograms of cocaine--the five kilograms he delivered in 1995, the one kilogram which was seized by Customs agents in 1995, and the two kilograms of sham cocaine he delivered in 1996. Koger argued at sentencing that he was responsible for less than five kilograms of cocaine. Whether his relevant conduct included more than five kilograms of cocaine was significant because a finding that he was responsible for 5-15 kilograms of cocaine would place him at offense level 32, USSG § 2D1.1, and give him a guideline range of 121-151 months.**1**

Koger pointed out that, in Young's first statement to investigators, Young said Koger was involved with three to four shipments, not five. Therefore, he argued, only three 1995 shipments should be counted and all but one should be estimated at half a kilogram of cocaine, the amount contained in the seized packages. He further argued that the first kilogram of sham cocaine he delivered in 1996 should be treated as half a kilogram and that only the 1.02 grams of real cocaine included in the second package should be counted. The district court rejected his calculation and adopted the probation officer's recommendation.

The government must prove the amount of drugs attributable to a defendant by a preponderance of the evidence. United States v. McDonald, 61 F.3d 248, 255 (4th Cir. 1995). Reviewing the district court's determination of the drug amount and the resulting base offense level for clear error, id., we find that Young's trial testimony established by a preponderance of the evidence that Koger knowingly assisted in the delivery or attempted delivery of at least five kilograms of cocaine to Young. Consequently, we find that the district court's determination was not clearly erroneous.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

**1** The district court decided against a recommended adjustment for obstruction of justice. Koger was in criminal history category I.